NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

FELIPE PETRONE CABANAS, *Petitioner*.

No. 1 CA-CR 21-0534 PRPC
FILED 6-21-2022

Petition for Review from the Superior Court in Maricopa County
No. CR1999-006656
The Honorable Patricia A. Starr, Judge

**REVIEW GRANTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Julie A. Done, John Schneider
*Counsel for Respondent*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade, Mikel Steinfeld
*Counsel for Petitioner*

Arizona Justice Project, Phoenix
By Karen S. Smith, Randal McDonald
*Counsel for Amicus Curiae Arizona Justice Project*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Brian Y. Furuya joined.

---

**P E R K I N S**, Judge:

**¶1**　　　　Felipe Petrone Cabanas petitions for review of the superior court's summary dismissal of his petition for post-conviction relief. For the following reasons, we grant review and relief, and we remand for an evidentiary hearing as provided by *State v. Valencia*, 241 Ariz. 206 (2016).

**¶2**　　　　In 2001, Cabanas pled guilty to the first-degree murder of a police officer, an offense he committed at age 17. The superior court imposed a term of natural life in prison without the possibility of release.

**¶3**　　　　Following the United States Supreme Court opinion in *Miller v. Alabama*, 567 U.S. 460 (2012), Cabanas petitioned for post-conviction relief, challenging the constitutionality of his natural life sentence. In denying relief, the superior court found that Cabanas's sentence did not violate *Miller* because the sentence was not mandatory and the sentencing judge considered his age as a mitigating factor. We reversed that ruling and concluded that *Valencia* required an evidentiary hearing to determine whether the crime reflected transient immaturity, entitling Cabanas to resentencing under *Miller*. *See State v. Cabanas*, 1 CA-CR 15-0660, 2017 WL 3599595, at *2, ¶¶ 8–9 (Ariz. App. Aug. 22, 2017) (mem. decision).

**¶4**　　　　On remand, the superior court expanded the evidentiary hearing's scope to include reconstruction of the evidence presented at sentencing. Cabanas objected to reconstruction of the sentencing record and sought special action review. As relevant here, we directed the superior court "to decide the material issue presently before it: whether Cabanas' crime reflected transient immaturity or irreparable corruption. It is not tasked with deciding whether the previous sentence should stand, nor may it base its decision on considerations by the previous sentencing judge." *See Cabanas v. Pineda*, 246 Ariz. 12, 20, ¶ 30 (App. 2018). Once again, we granted relief and remanded for an evidentiary hearing pursuant to *Valencia*. *Id.* at 20–21, ¶¶ 32–34.

¶5 Before the superior court held the evidentiary hearing, the United States Supreme Court issued its opinion in *Jones v. Mississippi*, 141 S. Ct. 1307 (2021), and the State moved to vacate the hearing and dismiss Cabanas's petition. The superior court granted the State's motion and summarily dismissed Cabanas's petition. The court found the basis for our mandate no longer existed because *Jones* implicitly overruled *Valencia*, and the current law no longer required an evidentiary hearing. Cabanas's timely petition for review followed.

¶6 We recently held in *State v. Wagner*, 1 CA-CR 21-0492, 2022 WL 1463719, at *4–5, ¶¶ 20–21 (Ariz. App. May 10, 2022), that *Jones* neither modified nor implicitly overruled *Valencia*'s application of *Miller*. In *Wagner*, we granted relief and remanded for an evidentiary hearing consistent with *Valencia*. *Id.* at *1, ¶ 1. Because this case's procedural background and circumstances are similar, we find *Wagner* dispositive and need not further address the parties' arguments. As we have mandated twice before, we direct the superior court to conduct an evidentiary hearing to determine whether the crime reflected transient immaturity in accordance with *Valencia*.

¶7 We vacate the superior court's dismissal of Cabanas's petition for post-conviction relief and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA